## SANDERS, JR., v. WHITESIDES.

Where A gave his promissory note to B, in part payment for a certain tract of land, payable to B thirty days after the confirmation of the Sutter land-title, provided the land for which the note was given should be included in the limits of the grant: *Held*, that the confirmation of Sutter's title was a condition precedent to the payment of the note; and to entitle A to a judgment on such note, he must prove such confirmation.

The judgment of the Board of Land Commissioners, the tribunal of original jurisdiction, is sufficient evidence of such confirmation, unless the judgment be reversed, or its operation suspended by an appeal, which is still pending.

APPEAL from the District Court of the Sixth Judicial District, County of Sacramento.

The facts necessary to understand the points decided, appear in the opinion of the Court.

*L. Sanders, Jr.*, for Appellant, in person.

The instrument sued on is a contract, or promise, upon condition precedent. The notes are payable first within thirty and ninety days after the land-title of John A. Sutter is confirmed, and should the title not cover the land, the notes have not to be paid. The performance of the condition precedent is fully averred and fully proved, upon which a cause of action immediately accrued, and the plaintiff is entitled to judgment. The only ground suggested on the trial below, was that it was generally known that an appeal had been taken from the confirmation. There was no averment of such fact in the pleading, nor was there the slightest proof thereof.

Confirmation in the case will be taken with common acceptation or popular meaning. Webster defines it to be " the act of confirming or making more certain—a fixing, settling, establishing, or making more certain," etc. The legal sense of the term, by conveying, etc., has no application in this case, as the Board of Land Commissioners had the power only to determine whether the land had been granted by the Mexican government to Sutter. They decided that it had, and their decision is conclusive, unless shown to have been suspended by appeal or reversal, which is not pretended.

*Robert F. Morrison* for Respondent.

There can be no doubt that the parties at the time this land was sold, and when these notes were executed, mutually understood by the word " comfirmed," a final and definitive settlement of the title, under the Act of Congress creating the Board of Land Commission, and providing for appeals from their decision to the District Court, and from there to the Supreme Court of the United States. Now, suppose the Supreme Court of the United States should reject or refuse to confirm this title, and in the meantime the payment of these notes should be coerced, would not the defendant have a right to recover back the money? It occurs to me that this question must be answered in the affirmative, and if so, there can be no doubt that the contingency upon the happening of which the notes were to become due and payable, has not yet occurred.

TERRY, C. J., delivered the opinion of the Court—BURNETT, J., and FIELD, J., concurring.

This is an action on certain promissory notes, executed by defendant in favor of John A. Sutter, in part payment of a certain lot of land. The notes are payable thirty days after the confirmation of Sutter's land-title, provided the land for which they are given should be included in the limits of the grant.

Plaintiff, on the trial, proved the confirmation of the grant by the Board of United States Land Commissioners, and also that the land of defendant was within the boundaries of the survey

of Sutter's grant, as made by the United States Surveyor-Gen-
eral.    Two letters from defendant to plaintiff were also intro-
duced, in which defendant expressed his anxiety to make some
arrangement about the notes which should be satisfactory.   Upon
this evidence, the Court below entered a nonsuit, and plaintiff
appealed.

The confirmation of Sutter's title was a condition precedent to
the payment of the note, and in order to entitle him to judg-
ment, the plaintiff should have proven such confirmation.    The
judgment of the Board of Land Commissioners, the tribunal of
original jurisdiction, was sufficient evidence of such confirmation,
unless it was shown that the judgment had been reversed, or its
operation suspended by an appeal which was yet pending.

Judgment reversed, and cause remanded.